**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAMUEL QUEZADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16-cv-5058 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| RANDY PFISTER, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

      Plaintiff, an inmate at Stateville Correctional Center, has sued Defendants alleging that they violated his Eighth Amendment rights by deliberately ignoring his medical emergency and providing him with inadequate post-treatment medical attention. Here, Plaintiff has moved to compel Defendants to comply with the agreed qualified protective order [68]. For the following reasons, the Court denies Plaintiff's motion.

      On September 18, 2017, the Court entered the "Agreed Qualified Protective Order Pursuant to HIPPA" (the "Protective Order"), to which the parties had previously agreed. (R. 56; R. 57.) The Court also granted Defendants' motion for an extension of time to file its Answer in order for Defendants to seek Plaintiff's medical records. (R. 58.) The Protective Order provides as follows: "Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, patient authorization, or through attorney-client communications." (R. 57, Protective Order ¶ 7.) After Defendants filed their Answer, Defendants' counsel informed Plaintiff's counsel that Defendants had obtained Plaintiff's medical records. (R. 68, Pl.'s Mot. to Compel.) Plaintiff, however, had not received notice of any formal discovery requests for his medical records. (*Id.*) Plaintiff claims that Defendants' retrieval of his medical records outside of formal discovery procedures violated the Protective Order and argues that the Court should order Defendants to provide copies of the medical records they have obtained. (*Id.*) Defendants argue that the Protective Order does not bar them from obtaining medical records without formal discovery requests, that it would be inefficient and impractical for them to use formal discovery requests for medical records in every inmate case, and that they have provided Plaintiff with the medical records they have received.

      The Court has broad discretion when resolving discovery disputes. *See James v. Hyatt Regency Chicago,* 707 F.3d 775, 784 (7th Cir. 2013); *Central States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich. Inc.,* 674 F.3d 630, 636 (7th Cir. 2012). Here, Defendants did not violate the Protective Order when they obtained Plaintiff's medical records through informal requests. The Protective Order merely states that it does not authorize Defendants to obtain

medical records outside the formal discovery process, but it does not prohibit Defendants from doing so. Defendants are represented by the Illinois Attorney General's Office and the Attorney General's Office may obtain records informally from the Illinois Department of Corrections, a state agency. *See* 5 ILCS 350(2)(a) (creating legal obligation for state employees to cooperate with Attorney General). Further, as Defendants argue, it would be inefficient to require the Attorney General's to use formal discovery procedures to obtain records from its own state agency clients.

Accordingly, the Court denies Plaintiff's motion to compel compliance with the Protective Order. To the extent that Defendants have not provided any medical records they have received from the Department of Corrections, however, the Court orders Defendants to provide those medical records to Plaintiff by November 30, 2017.

**Dated:** November 17, 2017

_____
AMY J. ST. EVE
United States District Court Judge